## Robert L. Finley, Appellee, v. Federal Life Insurance Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Randolph county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918. Rehearing denied and opinion modified and refiled June 22, 1918. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Robert L. Finley, plaintiff, against Federal Life Insurance Company, defendant, to recover on a policy of accident insurance. From a judgment for plaintiff for $2,500, defendant appeals.

C. A. ATKINSON, A. C. BOLLINGER and J. FRED GILSTER, for appellant.

WILLIAM M. SCHUWERK and WILLIAM H. SCHUWERK, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Finley v. Federal Life Ins. Co., 211 Ill. App. 66.

## Abstract of the Decision.

1. INSURANCE, § 601*—*what is presumption against self-destruction*. While, in an action to recover on an insurance policy insuring against injury resulting from external, violent and purely accidental means, the burden is on plaintiff to show that the injury was accidental and not self-inflicted, he may invoke the presumption that men do not ordinarily take their own lives or inflict injury upon themselves, this presumption not being conclusive however.

2. INSURANCE, § 667*—*when shown that injury was accidental*. In an action to recover on an accident insurance policy, where there was no eyewitness save plaintiff and he testifies that the injury was accidental, such evidence, which is fortified by the presumption against one's purposely injuring himself, is sufficient to support a verdict for plaintiff, even though defendant introduces evidence that plaintiff was in straitened circumstances and in need of money to settle a serious charge against him, and that the injury was caused by a gun which he had borrowed a few days before, stating that he intended to go hunting at noon, whereas it appeared that he had no hunting license.

3. INSURANCE, § 686*—*when question whether injury was accidental is for jury*. In an action to recover on an accident policy, where the evidence as to whether the injury was accidental is conflicting, the question whether it was or was not of that character is for the jury.

4. APPEAL AND ERROR, § 1411*—*when finding based on conflicting evidence not disturbed*. In an action to recover on an accident policy where the jury are correctly instructed in regard to the effect of falsity in warranties or material representations by plaintiff, and the evidence as to the truth of the representations by plaintiff, which are claimed to be false while conflicting, tends to sustain the finding of the jury, their verdict will not be disturbed.

5. INSURANCE, § 1177*—*what evidence is inadmissible to show that representations in accident policy that habits were correct is false*. In an action to recover on an accident insurance policy, it is not proper to admit evidence that on two different occasions, one several years before plaintiff applied for a policy and the other a few months before, plaintiff had made improper proposals to two of his female patients, for the purpose of showing that plaintiff's representation in his policy that his habits of life were correct and temperate was false.

6. INSURANCE, § 690*—*when instruction on liability on accident*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*policy, to which defense of falsity of answers in application is made, is not erroneous.* In an action to recover on an accident insurance policy in which defendant sets up the falsity of plaintiff's answer, in his application, to the question whether his habits were correct and temperate, an instruction at plaintiff's request that if the jury believe "from the evidence" that defendant issued the policy, that the policy was based on the application, that the answers by plaintiff to the questions in the application "were true at the time they were made," and that plaintiff "lost his foot by accident as charged in the declaration," the verdict shall be for plaintiff, is not subject to the objection that it confines the question of plaintiff's habits to the day the application was made, especially where plaintiff's habits were several times referred to in defendant's instructions as "at the time the application for the policy was made," nor is it subject to the objection that it assumes that an accident happened.

7. APPEAL AND ERROR, § 1241*—*when error in instructions may not be complained of.* One cannot complain of error in the adverse party's instructions when a like error appears in those given at his own request.

8. APPEAL AND ERROR, § 1241*—*when error may not be complained of.* One cannot complain on appeal of an instruction given at his own request.